IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18CV126-RJC-DSC

| | |
|---|---|
| BRIANNE STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TARIK SHAH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court <u>sua sponte</u> following the removal of this child custody action from Mecklenburg County District Court.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

It arises from a child custody hearing held on December 6 and 7, 2017 in Mecklenburg County District Court. <u>See</u> <u>Stephens v Shah</u>, Mecklenburg County File No. 02CVD020573-GLH. The hearing addressed custody of DS, who is the Plaintiff's minor child. Plaintiff was present at the hearing and represented by counsel. (<u>See</u> <u>Stephens v. State</u>, NCWD File No. 3:18cv72-RJC-DSC, Docket entry #52-1 p. 4).

On January 8, 2018, Defendant filed a "Motion … For Modification of Child Support Order" to terminate the child support payments he had been making to Stephens. Defendant is the father of DS.

On February 8, 2018, District Court Judge Gary L. Henderson entered a Temporary Child

1

Custody Order awarding temporary physical and legal custody of DS to Defendant. Judge Henderson found that Plaintiff was "not a fit and proper person to have physical custody or contact with the child at this time." (See Stephens v. State, NCWD File No. 3:18cv72-RJC-DSC, Docket entry 52-1 at 5). The issue of custody is to be reviewed in December 2018.

On March 15, 2018, Plaintiff filed a Notice of Removal to the United States District Court for the Western District of North Carolina. She alleges the existence of both diversity and federal question jurisdiction. She complains that the state court "without due process, trial and reason gave physical custody de facto of minor child DS to Defendant Tarik Shah." Document #1 at 6.

On May 15, 2018, Plaintiff filed a "Motion for Immediate Declaratory and Injunctive Relief …" (document #2) seeking an injunction compelling Judge Henderson to recuse himself.

The existence of subject matter jurisdiction is a threshold issue. When an action that has been removed lacks a proper basis for subject matter jurisdiction, it must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter

2

jurisdiction exists.  See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004).  Any doubts about removal must be resolved in favor of remand.  Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction.  If federal jurisdiction is doubtful, a remand is necessary") (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

The Court is mindful of the latitude extended to the pleadings of pro se litigants.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally").  However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint.  Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).  See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

But no amount of latitude can salvage Plaintiff's removal of this child custody action.  There is no basis for federal subject matter jurisdiction.  See Cole v. Cole, 633 F.2d 1083, 1088 (4th Cir.1980) (explaining domestic relations exception to federal court's jurisdiction and noting that the types of actions that "fall directly into the specialized category of true domestic relations cases" include "divorce, alimony, child custody and support").  See also Wake County Human Services v Davis, 2014 WL 820148, *3 (E.D.N.C. 2014) (remanding removed child support case to Wake County District Court).

## ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Immediate Declaratory and Injunctive Relief …" (document #2) be **DENIED** and this matter be **REMANDED** to Mecklenburg County District Court.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the <u>pro se</u> parties <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED.**

Signed: July 3, 2018

_____
David S. Cayer
United States Magistrate Judge

5