UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00126-RJC-DSC

| | |
|---|---|
| BRIANNE STEPHENS,         ) | |
| )| |
| Plaintiff,          ) | |
| ) | |
| v.          ) | |
| ) | ORDER |
| TARIK SHAH          ) | |
| ) | |
| Defendant.          ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Immediate Declaratory and Injunctive Relief, (Doc. No. 2); the Magistrate Judge's Memorandum and Recommendation and Order (M&R), (Doc. No. 5); and Plaintiff's Objection to the M&R, (Doc. No. 6). Also before the Court is Plaintiff's Expedited Petition for Writ of Mandamus, (Doc. No. 7).

I.   BACKGROUND

Because no parties objected to the factual or procedural history detailed in the M&R, the facts stated herein are adopted from the M&R. This matter arises from a child custody case originally heard in Mecklenburg County District Court. A child custody hearing was held on December 6 and 7, 2017, in which the custody of DS, Brianne Stephens's ("Plaintiff") minor child, was addressed. (See Stephens v. State, NCWD File No. 3:18-cv-00072-RJC-DSC, Doc. No. 52-1: Temporary Child

Custody Order at 1). Plaintiff was present at the hearing and was represented by counsel. (Id.). On January 8, 2018, Tarik Shah ("Defendant"), DS's father, filed a Motion for Modification of Child Support Order to terminate the child support payments he had been making to Plaintiff. (Doc. No. 1-1 at 1). On February 8, 2018, District Court Judge Gary L. Henderson entered a Temporary Child Custody Order awarding temporary physical and legal custody of DS to Defendant. (See Stephens v. State, NCWD File No. 3:18-cv-00072-RJC-DSC, Doc. No. 52-1 at 5). Judge Henderson found that Plaintiff was not "a fit and proper person to have physical custody or contact with the child at this time." (Id.).

On March 15, 2018, Plaintiff removed the matter to this Court, alleging the existence of both diversity and federal question jurisdiction. Plaintiff complains that the state court "without due process, trial and reason, gave physical custody de facto of minor child DS to Defendant Tarik Shah." (Doc. No. 1 at 6). On May 15, 2018, Plaintiff filed a Motion for Immediate Declaratory and Injunctive Relief, (Doc. No. 2), seeking an injunction compelling Judge Henderson to recuse himself. On July 3, 2018, Magistrate Judge Cayer addressed the issue of federal subject matter jurisdiction in an M&R. (Doc. No. 5). The M&R found that no federal subject matter jurisdiction exists and recommended that this Court deny Plaintiff's Motion for Immediate Declaratory Injunctive Relief and remand this matter to state Court. (Doc. No. 5 at 4). Plaintiff filed an Objection to the M&R on July 16, 2018. (Doc. No. 6). On August 14, 2018, Plaintiff filed an Expedited Petition for Writ of Mandamus, requesting that this Court order Mecklenburg County District Court to

2

abstain from proceeding further in this case until "a final adjudication on the merits is issued in actions pending before the NC Federal Western District Court." (Doc. No. 7 at 3). The Expedited Petition also requested that this Court vacate certain orders the state court issued in the child custody proceeding. (Id.).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Upon review of the record, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

## III. DISCUSSION

The Court has reviewed the M&R and the record in this case, including Plaintiff's Objection to the M&R, which tends to make general and conclusory objections to the M&R by asking the Court to take "judicial notice" of

various, unpersuasive cases from other jurisdictions in which parental custody of minor children was the underlying issue. (Doc. No. 6 at 2–3). Ultimately, the Court concludes that it has no subject matter jurisdiction over this matter and thus affirms and adopts the M&R.

The existence of subject matter jurisdiction is a threshold issue the Court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (internal citations omitted). "No party can waive [subject matter jurisdiction], or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schact, 524 U.S. 381, 389 (1998). The party asserting federal jurisdiction bears the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

Here, Magistrate Judge Cayer "notic[ed] the defect" of subject matter jurisdiction and raised the issue on his own accord. (Doc. No. 5 at 1). "[F]ederal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters" because matters of domestic relations are generally within the province of the state courts. See Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006). At its core, this case is the appeal of a child custody determination from state court. Displeased with the result she received in state court, Plaintiff seeks to

obtain a different result by airing her grievances in a different venue and court system.  This is impermissible.

While the Court is mindful of the latitude extended to the pleadings of pro se litigants, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), it cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint.  <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).  As a result, even a pro se plaintiff's claim for relief "requires more than labels and conclusions."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Like plaintiffs who are represented by counsel, a pro se plaintiff must still "allege facts sufficient to state all the elements of [a] claim."  <u>Bass v. E.I. Dupont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir. 2003).  Similarly, a pro se plaintiff must still prove that subject-matter jurisdiction exists.  Here, Plaintiff has not carried her burden in demonstrating federal subject matter jurisdiction.  No amount of latitude can save Plaintiff's removal of this child custody action.  <u>See, e.g.</u>, <u>Cole v. Cole</u>, 633 F.2d 1083, 1088 (4th Cir. 1980); <u>see also</u> <u>Wake County Human Services v. Davis</u>, 2014 WL 820148, at *3 (E.D.N.C. 2014) (remanding a child support case to state court and explaining that federal courts should generally decline to exercise jurisdiction over cases involving domestic relations—i.e., divorce, child custody, alimony, and child support—because "such matters are better handled by the states, which have the experience to deal with this specific area of law").

5

Accordingly, after a de novo review, the Court finds that this Court has no original jurisdiction over this action as required by the removal statute, 28 U.S.C. § 1441(a). Mecklenburg County District Court has been, and still is, the proper forum to adjudicate this child custody dispute. Thus, this Court denies Plaintiff's Expedited Petition for Writ of Mandamus requesting that this Court order Mecklenburg County District Court to abstain from proceeding further in the instant case, vacate previous orders issued by the state court, and provide judicial clarification. On the contrary, this Court finds that Mecklenburg County District Court is best suited to handle the instant dispute and that this Court has no authority to adjudicate Plaintiff's claims. Remand of this action is therefore appropriate pursuant to 28 U.S.C. § 1447(c), and thus Plaintiff's Motion for Immediate Declaratory and Injunctive Relief, (Doc. No. 2), is denied as moot.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 5), is **AFFIRMED** and **ADOPTED**.
2. This matter shall be **REMANDED** to Mecklenburg County District Court.
3. Plaintiff's Expedited Petition for Writ of Mandamus, (Doc. No. 7), is **DENIED**.
4. Plaintiff's Motion for Immediate Declaratory and Injunctive Relief, (Doc. No. 2), is **DENIED as moot**.
5. The Clerk of Court is directed to close this case.

Signed: January 11, 2019

_____
Robert J. Conrad, Jr.
United States District Judge